On December 20, 1944, at 10:00 o'clock in the morning, on a clear day, a collision occurred between the automobile of plaintiff, who was driving east on the Covington Highway extension and the car of defendant, who was driving north on South Cherry Street at the intersection of said two streets in the City of Hammond. As a result of said collision plaintiff's automobile was damaged to the entent of $261.90 and plaintiff himself sustained medical expenses in the amount of $4, making a total damage to him of $265.90. The defendant sustained damage to his automobile in the amount of $288.54. Both automobiles were repaired by the same garage and there seems to be no dispute as to the amount of damage sustained by each due to the collision.
The plaintiff contends that the accident was caused by the sole negligence of the defendant, who, he maintains, was driving his car in a grossly negligent and careless manner and in violation of the speed limits of the City of Hammond. The defendant contends that the accident was caused solely by the negligence of the plaintiff in driving at an excessive speed and in not keeping a proper lookout and in driving in such manner as not to be able promptly to control his car under normal conditions. Plaintiff sues for the amount of his damage, to-wit, $265.90, and the defendant reconvenes for his damage in the sum of $288.54.
After trial of the case the City Judge rendered judgment in favor of plaintiff for $265.90, with legal interest and all costs. The defendant has appealed.
[1, 2] The evidence is very scant, but it is clearly shown by the testimony of both plaintiff and defendant, who were the only eye witnesses to the accident, that neither saw the approach of the other to the intersection, and it seems clear from their testimony that neither was keeping a proper lookout for the intersection and that *Page 115 
therefore each was guilty of negligence contributing to this accident. The defendant struck the plaintiff's car on his right side with the left front of his car, and thereafter, as shown by photographs and other exhibits, proceeded a distance slightly farther than plaintiff's car, indicating that he entered the intersection at a slightly greater speed than plaintiff. On the other hand, since the defendant was entering the intersection from the right hand side of plaintiff, and since neither street is shown to be a through street, it would seem that he had the right of way and that plaintiff was negligent in entering the intersection is disregard of defendant's right of way. It seems clear from the record that the accident occurred because both arrived at the intersection at the same moment and without either paying attention to other traffic, and that if either had been keeping a proper lookout, the collision would have been avoided. Since they were both guilty of negligence contributing to the accident, under our jurisprudence neither can recover and each must suffer his respective loss.
It is therefore decreed that the judgment below is reversed and set aside and that both the main and reconventional demands are dismissed, all at the cost of plaintiff.